UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward Jesus Elias,<br><br>        Petitioner,<br><br>v.<br><br>Scott Kernan, Secretary,<br><br>        Respondent. | Case No.: 3:16-cv-0320-AJB-KSC<br><br>**ORDER:**<br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 31), and**<br>**(2) DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS (Doc. No. 4)** |

  Before the Court is Petitioner Edward Jesus Elias's first amended habeas petition under 28 U.S.C. § 2254. (Doc. No. 4.) The Court referred the petition to the Magistrate Judge for a Report & Recommendation ("R&R). The R&R recommends the Court adopt the R&R's findings and deny Petitioner's habeas petition. (Doc. No. 31 at 48.)

  The duties of the district court with respect to a magistrate's judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). As to portions of the report to which no objection is made, the Court

may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

Here, Elias's 46-page objection essentially attempts to relitigate his habeas petition. (Doc. No. 36.) In his motion, Petitioner fails to make specific objections to the Magistrate Judge's findings, but rather makes general arguments and rebuttals to the R&R's conclusions which mirror his petition. For example, in one objection Petitioner argues "there is no evidence that Petitioner committed felony murder and the decision below is an un unreasonable determination of the facts and the laws." (*Id.* at 23.) Petitioner summarizes what the magistrate judge found, "[t]he Magistrate found that the jury could draw a reasonable inference that 'someone' acted with Chavez to rob and kill the two sailors, because one was shot in the back while there was a struggle next to the driver door." (*Id.*) Then Petitioner contends that "the Magistrate is not pointing to actual evidence that Petitioner knew about where the truck came from, knew about, or even was present, at the time of the murders." (*Id.*) This mirrors the argument Petitioner made in his first amended petition, which states "[t]here is no evidence Elias was present during the commission of the robbery and killings because Elias's DNA and fingerprints could have been placed in the truck and at the scene at some other time." (Doc. No. 4 at 17.)

District courts have held that "general objections to an R & R are tantamount to no objection at all." *Sullivan v. Schriro*, No. CV–04–1517–PHX–DGC, 2006 WL 15160005, at *1 (D. Ariz. May 30, 2006). This is because general objections would moot the efficiency of the R&R process because "District judges faced with such objections would be forced to conduct de novo review of the entire R & R, duplicating the work of the magistrate judge." *Id.* (discussing the statutory purpose of the R&R). This Court has also previously held that when a Petitioner's objections simply repeat "the arguments made in his

Petition—arguments already analyzed by the magistrate judge in the R&R—the Court is relieved of any obligation to review the objection." *Pawlicki v. Paramo*; *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that § 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *see also Sullivan*, 2006 WL 1516005, at *2 ("Reformatting the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect.").

Accordingly, the Court overrules Petitioner's general objections. After reviewing these objections, the R&R, and Petitioner's first amended petition, the Court finds the R&R was well-reasoned, incredibly thorough, and contained no clear error. Accordingly, the Court **ADOPTS** the R&R, (Doc. No. 31), and **DISMISSES** Petitioner's first amended habeas petition, (Doc. No. 4). The Court Clerk is **DIRECTED** to close the case.

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: August 15, 2019

Hon. Anthony J. Battaglia
United States District Judge